**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN 16 PM 2:18

CLERK _L. Jlgden_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DEXTER SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 605-039 |
| | ) | |
| STEVE DUPREE, HUGH SMITH, | ) | |
| STEVE ROBERTS, SANDRA MOORE, | ) | |
| FRED BROWN, PHIL THEAD, DORA | ) | |
| OGDEN, JOHN DOE #1, JOHN DOE # 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dexter Shaw, an inmate incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's multiple requests to proceed IFP be **DENIED** (doc. nos. 2-4) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

Thus, under § 1915(g), a prisoner plaintiff may not proceed IFP once he has accumulated three (3) so-called "strikes." Of particular interest in this case, the Eleventh Circuit has specifically explained that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting § 1915(g)." Rivera, 144 F.3d at 731. As a result, dismissals for abuse of the judicial process are properly counted as strikes. Id.

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought three (3) cases which were dismissed for abuse of the judicial process: 1) Shaw v. Thomas, CV 692-082, doc. no. 6 (S.D. Ga. Aug. 4, 1992)(failure to follow court order); 2) Shaw v. Smith, CV 603-066, doc. no. 7, *adopted by* doc. no. 11 (S.D. Ga. Aug. 28, 2003)(dismissal as sanction for

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

2

lying about existence of previous strike and existence of previous federal case concerning the same facts); 3) Shaw v. Smith, CV 603-133, doc. no. 66 (S.D. Ga. Apr. 26, 2005)(failure to comply with court order). As discussed above, a dismissal for abuse of the judicial process counts as a "strike" under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint does not support a finding of "imminent danger" at the time of filing this lawsuit. Plaintiff alleges, *inter alia,* that he has been exposed to asbestos, that his cell is too small, that the dormitory in which he is housed is unsanitary, that there have been fires in the past, that Plaintiff has been denied educational opportunities, that he has been denied health care in the past, and that cell ventilation is inadequate. (Doc. no. 1, p. 8-15). None of these claims, with the possible exception of the alleged exposure to asbestos, lends itself to any notion that he faces imminent danger.

As to the asbestos claim, the Court notes that Plaintiff's allegations are undercut by a number of problems with the complaint. First, the urgency of the asbestos claim is belied by the fact that the complaint is a rambling shotgun pleading which brings multiple unrelated claims against ten (10) different defendants. Plaintiff's penchant for such shotgun pleadings is well-recorded. See Shaw v. Smith, CV 603-133, doc. nos. 60, 66 (S.D. Ga. Apr. 26,

3

2005). Second, Plaintiff's attempt to "cry wolf" is undermined by Plaintiff's dishonesty in his complaint.

With the end of enforcing § 1915(g), the "Form to Be Used by Prisoners In Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have begun other lawsuits in state or federal court dealing with the same facts as those currently raised, whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3). Here, Plaintiff has alleged that he has never had a case dismissed as frivolous, malicious, or for failure to state a claim, a statement tantamount to denying the existence of any strikes.[2] (Doc. no. 1, p. 3). In fact, as discussed, Plaintiff has had three (3) cases dismissed as strike-worthy.

Of particular note, in the above-mentioned case, Shaw v. Smith, CV 603-066, the Court dismissed the case in part because Plaintiff had failed to disclose a prior dismissal which counted as a "strike." CV 603-066, doc. no. 7, p. 3. Perhaps at the time he filed his complaint in CV 603-066, Plaintiff had a colorable argument that he was unaware that dismissals for abuse of the judicial process count as strikes which he must disclose on the form complaint. After the dismissal of his complaint in 603-066, he cannot seriously contend that he is unaware of the true import of the question and his need to be forthcoming

---

[2]In addition, Plaintiff has lately filed an amended complaint wherein he reiterates his contention that he has no strikes under § 1915(g). (See doc. no. 5, p. 4).

4

with the Court. The mere fact that the words "abuse of the judicial process" do not appear on the form complaint cannot insulate Plaintiff from the consequences of his evasive and dishonest response.

Nevertheless, in his complaint Plaintiff describes the aforementioned CV 603-066 as "dismissed without prejudice," without mentioning that it was dismissed for abuse of the judicial process. (Doc. no. 1, p. 4). Finally, Plaintiff describes the above-noted CV 692-082 as "voluntarily dismissed," although he also admits "[Plaintiff] fail to follow court order [sic]." (Id. at 2). Plaintiff cannot expect his evasion, double-talk, and outright lies to endear himself to the Court. As the Seventh Circuit has aptly noted, "A litigant who follows frivolous litigation with fraud has no claim to a tender reception." Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999).

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[3] Thus, even if the Court were to allow Plaintiff to proceed IFP, his case would be subject to a recommendation of dismissal based on his

---

[3] As noted, the practice of dismissing a case as a sanction for lying in a complaint has also been previously utilized to dismiss one of Plaintiff's cases. See Shaw v. Smith, CV 603-066 (S.D. Ga. Aug. 28, 2003).

5

abuse of the judicial process by lying about his prior filing history.

Bearing in mind the shotgun pleading now before the Court, Plaintiff's history of abuse of the judicial process, and his dishonesty with the Court, it is clear that his allegation of "imminent danger" is so lacking in credibility that he should not be allowed to proceed IFP in this case. Under § 1915, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)(citation and quotation omitted). In addition, "[o]n the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." Id. at 1350.

In sum, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III. CONCLUSION

Based on the foregoing, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests to proceed IFP (doc. nos. 2-4) be **DENIED** and that this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 10th day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Dexter Shaw, Pro-se

CASE NO:       CV605-039

DATE SERVED:   6/16/05

SERVED BY:     Cindy Reynolds CR

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate