IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DEXTER SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 605-039 |
| | ) | |
| STEVE DUPREE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Plaintiff's motion to proceed *in forma pauperis* ("IFP") is **DENIED** and the instant case is **DISMISSED** without prejudice. The Court will briefly address Plaintiff's objections. (Doc. no. 8).

The Magistrate Judge determined that the instant suit was barred by 28 U.S.C. § 1915(g), the so-called "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). (See doc. no. 6). Plaintiff incurred his three strikes by: 1) having two (2) cases dismissed on account of his refusal to follow court orders, see Shaw v. Smith, CV 603-133, doc. no. 66 (S.D. Ga. Apr. 26, 2005) & Shaw v. Thomas, CV 692-082, doc. no. 6 (S.D. Ga. Aug. 4, 1992); and 2) having a case dismissed as a sanction for lying in his complaint about his filing history in federal court, see Shaw v. Smith, CV 603-066, doc. no. 7, *adopted by*

doc. no. 11 (S.D. Ga. Aug. 28, 2003). The Magistrate Judge also found that Plaintiff had lied (again) about his prior filing history in the instant complaint, making dismissal appropriate on that basis as well. (Doc. no. 6, pp. 4-5). Plaintiff disputes his "three strikes" status.

First, Plaintiff argues that because none of the above-listed cases were explicitly dismissed as frivolous, malicious, or for failure to state a claim, they cannot count as strikes. (Doc. no. 8, p. 1). This argument has been foreclosed by the Eleventh Circuit:

> Although the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).

Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). In fact, the Eleventh Circuit has described dismissals for abuse of the judicial process as "equally, if not more, strike-worthy" than dismissals for failure to state a claim. See id. Moreover, in Rivera the Eleventh Circuit specifically explained that a dismissal as a sanction for Rivera's dishonesty regarding his filing history was a "strike-worthy" dismissal. Id. Thus, the aforementioned dismissal of Plaintiff's complaint in CV 603-066 for lying about his filing history is clearly a strike.[1]

---

[1] The Court is aware of Plaintiff's argument that he never intended to mislead the Court in CV 603-066. (Doc. no. 8, pp. 2-4). In CV 603-066, Plaintiff failed to admit that he had previously filed a lawsuit involving the same facts, namely Shaw v. Smith, CV 602-056 (S.D. Ga. May 23, 2002). Plaintiff now argues: 1) he did not disclose the existence of CV 602-056 because it "was not a lawsuit;" 2) his complaint (which Plaintiff refers to as a "declaration") in CV 602-056 was sent to the Court inadvertently by a third party, "Mr. John E. Berry" (a name familiar to the Court, see Shaw v. Smith, CV 603-133 (S.D. Ga. Apr. 26, 2005)); and 3) at the time he filled out his complaint in CV 603-066, Plaintiff thought the question regarding prior lawsuits on the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, in the United States District Court for the Southern District of Georgia" referred only to "pending suits." (Id. at 3). These representations only reflect additional dishonesty and evasion by Plaintiff.

First, the complaint in CV 602-056 bears the same handwriting as all of Plaintiff's other filings in this Court, including the instant objections. (Compare doc. no. 8 & CV 602-056, doc. no. 1). The complaint in CV 602-056, written on the form § 1983 complaint used by incarcerated litigants in this District, was also signed by Plaintiff. CV 602-056, doc. no. 1, pp. 25, 34. Plaintiff later moved to voluntarily dismiss CV 602-056, not because it had been filed inadvertently, but

2

The other two cases, CV 603-133 and CV 692-082, were dismissed because Plaintiff failed to follow court orders to file amended pleadings. Deliberate failure to follow court orders, like lying in a complaint, is subject to sanction and is a clear basis for dismissal when the Court finds that lesser sanctions will not suffice.[2] Indeed, the Eleventh Circuit has specifically explained that when the district court orders a plaintiff to replead, "if the plaintiff fails to comply with the court's order--by filing a repleader with the same deficiency--the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001). In sum, Plaintiff's deliberate failure to amend his pleadings in CV 603-133 and CV 692-082--in contravention of court orders--constituted an abuse of the judicial process.[3]

---

because he admitted that he had failed to exhaust his administrative remedies prior to filing "his civil action." CV 602-056, doc. no. 8, p. 1. Put plainly, Plaintiff's notion that he did not intend to file a civil action in CV 602-056 is patently false.

In addition, Plaintiff's attempt to claim that he misunderstood the form complaint is nonsensical. The form § 1983 complaint used in this District asks the incarcerated plaintiff, "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?" CV 603-066, doc. no. 1, p. 1. Plaintiff answered, "No." Id. The form complaint next asks the plaintiff to provide the disposition of any prior case by indicating whether the case was "dismissed," "appealed," or "still pending." Id. at 2. Thus, the form clearly required Plaintiff to provide information regarding whether he had begun *any* suit regarding the same facts, irrespective of whether the prior suit was dismissed or remained pending. Plaintiff's response to these questions was dishonest, and the Court properly dismissed CV 603-066 as a sanction for Plaintiff's abuse of the judicial process.

[2] See Fed. R. Civ. P. 41(b)("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal."); Loc. R. 41.1(b)(The Court may dismiss *sua sponte* any action for "willful disobedience or neglect of any order of the Court."); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985)(Dismissal is an appropriate sanction for "willful bad faith and callous disregard of court directives")(internal citation and quotation omitted); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)(Dismissal is appropriate where there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.").

[3] It should be noted that Plaintiff's penchant for filing shotgun pleadings is not limited to the two cases discussed above. See Shaw v. Donald, CV 605-045, doc. no. 1 (S.D. Ga. May 23,

Therefore, these cases also represent "precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera, 144 F.3d at 731.

Simply put, the Magistrate Judge correctly identified the above-listed cases as strikes. Plaintiff's other contentions (*e.g.*, that he only made "honest mistakes of law," (doc. no. 8, p. 4)) lack merit, and need not be addressed explicitly. "[P]roceeding IFP in a civil case is a privilege, not a right." Rivera, 144 F.3d at 724. Simply put, Plaintiff must bear the

---

2005)(thirty-five-page, rambling complaint with more than 350 paragraphs); Shaw v. Dupree, CV 605-039, doc. no. 1 (S.D. Ga. May 5, 2005)(151-paragraph complaint bringing multiple unrelated claims against nine different defendants ranging from "false disciplinary reports," an unfair housing assignment, denial of educational opportunities, inadequate security, and exposure to asbestos); Shaw v. Dodson, CV 604-122, doc. nos. 1,8 (S.D. Ga. Oct. 4, 2004)(Plaintiff directed to elect which claims he wished to pursue because his complaint brought "a plethora of unrelated claims"); Shaw v. Smith, CV 603-133, doc. nos. 1-66 (S.D. Ga. Oct. 31, 2003)(repeated filing of shotgun pleadings and other frivolous papers in direct contravention of several court orders); Shaw v. Smith, CV 603-066, doc. no. 1 (S.D. Ga. May 30, 2003)(sixty-seven page shotgun pleading). A "shotgun pleading" is a pleading that does not comply with Fed. R. Civ. P. 8(a), which requires plaintiffs to file complaints which are "short and plain statement[s]" of their claims. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Repeated filing of such papers is no laughing matter.

The Eleventh Circuit has "condemned repeatedly" the filing of shotgun pleadings. Id. Indeed, Plaintiff's repetitive filing of shotgun pleadings is itself an abuse of the judicial process. Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). Simply put, "shotgun pleadings . . . impede[] the due administration of justice and, in a very real sense, amount[] to obstruction of justice." Byrne, 261 F.3d at 1128-34.

In addition to filing shotgun pleadings, Plaintiff is also given to other abusive and trifling litigation tactics. First, as discussed above, Plaintiff has attempted to defraud the Court by lying about his filing history at least twice. Next, Plaintiff has an established habit of filing cases or appeals only to later request that they be voluntarily dismissed. See Shaw v. Smith, No. 03-14680-C (11th Cir. Oct. 27, 2003); Shaw v. Smith, CV 602-056, doc. no. 9 (S.D. Ga. Jun. 27, 2002); Shaw v. Smith, CV 602-053, doc. no. 6, (S.D. Ga. Jun. 27, 2002); Shaw v. Thomas, CV 695-150, doc. no. 63 (S.D. Ga. Oct. 16, 1996); Shaw v. Thomas, CV 696-047, doc. no. 43 (S.D. Ga. Oct. 16, 1996); Shaw v. Collins, CV 696-147, doc. no. 16 (S.D. Ga. May 12, 1997). Finally, Plaintiff is also fond of flooding the docket with trivial motions for "consideration," "reconsideration," or "clarification," rather than simply following the Court's instructions. See Shaw v. Smith, CV 603-133, doc. nos. 12, 25, 28, 35, 37-39, 42, 46, 49, 54, 56, 59, 64-65. In all, Plaintiff's litigation behavior is exactly the type of frivolous and malicious conduct that § 1915(g) is meant to address.

consequences of his abuse of that privilege. The Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Plaintiff's motion to proceed IFP is **DENIED**, the case is **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 1st day of August, 2005.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

DEXTER SHAW )

vs ) CASE NUMBER CV605-039

STEVE DUPREE, et al ) DIVISION STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated August 1, 2005 , which is part of the official record of this case.

Date of Mailing: August 1, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

Name and Address

Dexter Shaw, 429768, Georgia State Prison, 2164 GA Highway 147, Reidsville, GA 30499

☐ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate